UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN M. SIMON,

                Plaintiff,                04 Civ. 6751 (RJH)

    -against-

                                            **MEMORANDUM OPINION**
                                               **AND ORDER**

JOHN DOE, INTERNAL REVENUE SERVICE,

                Defendant.

      Pro se plaintiff Steven Simon filed suit pursuant to 26 U.S.C. § 6330(d)(1)(B), seeking review of an administrative decision of the Internal Revenue Service ("IRS"), which upheld a levy on Simon's property for unpaid federal employment taxes, interest, and penalties. Pending before the Court is the IRS's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motion [9] is granted.

## BACKGROUND

      Steven Simon, a self-employed mortgage broker, incurred a federal tax liability comprised of unemployment taxes for the year ending December 31, 2002, as well as quarterly withholdings for quarters ending December 31, 2000, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, December 31, 2002, and March 31, 2003. (Compl. Ex. 1, at 3.) On November 20, 2003, Simon's accountant sent a letter to the IRS requesting an abatement of failure-to-file, pay, and deposit penalties. (Second Decl. of Maniscalco, Ex. A.) He explained that Simon's failure to pay his taxes was due

to depression exacerbated by the recent death of his mother from cancer, adding:

> I am requesting that you review the circumstances that describe the situation that Mr. Simon finds himself in. He has genuine intention to comply with the tax laws. He has made substantial progress toward bringing his tax obligations up to date. Please abate the penalties that were assessed. I am also requesting that you postpone your imminent filing of a tax lien.

(*Id.* 1–2.)

On December 5, 2003, Simon received a Final Notice of Intent to Levy and Notice of Right to a Hearing ("Final Notice") from the IRS. (First Decl. of Maniscalco, Ex. B.) The Final Notice advised Simon that if he did not pay the full amount due within thirty days, the IRS would exercise its right to take his property, or rights to his property, to satisfy the liability. (*Id.* at 1.) Simon exercised his right to a collection due process hearing under 26 U.S.C. § 6330(c), which provides for the right to a hearing before an IRS Appeals Officer before a levy may be made on any property or right to property. (First Decl. of Maniscalco, Ex. C.) The Appeals Officer conducted the hearing by telephone on April 19, 2004. (Compl. Ex. 1, at 3.) The Appeals Officer found that Simon's medical problems did not warrant an abatement because these problems had been ongoing for more than a decade, but he did acknowledge that the death of Simon's mother in early 2003 might justify the abatement of some penalties. (*Id.* at 4.) The Appeals Officer requested additional information about the date and circumstances surrounding her illness and death, but neither Simon nor his accountant submitted the requested documentation. (*Id.*) Consequently, on July 25, 2004, the IRS Appeals Office notified Simon of its decision not to abate the penalties. (*Id.*)

Simon filed the instant suit on August 20, 2004, challenging the Appeals Officer's determination that his medical condition and the illness and death of his mother did not

warrant an abatement of penalties.  However, subsequent to filing this suit, Simon paid his tax liabilities in full.  Specifically, as a result of overpayments credited to Simon in 2003 and a check for $10,000 that Simon tendered to the IRS on January 12, 2005, Simon's tax liability for all of the relevant periods was satisfied, and the IRS released the associated tax liens on February 4, 2005.  (First Decl. of Maniscalco, Ex. C, D; Pl. Opp. 4; Def. Reply 3.)  The IRS now contends that this action is moot.

## DISCUSSION

The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies.  *See* U.S. Const. art. III, § 2, cl. 1.  "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) (internal quotation marks and citations omitted).  "When a case is moot, the federal courts have no [subject matter] jurisdiction over the litigation."  *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994).

This case is before the Court as an appeal from the IRS Appeals Office's determination that the agency may levy against Simon's assets to recoup unpaid taxes and penalties.  Because Simon has now paid his outstanding tax penalty, however, the IRS no longer seeks to levy against his property.  Consequently, this Court cannot now grant any meaningful relief on Simon's complaint.  Were this Court to reach the merits to rule that Simon had not received a full and fair opportunity to dispute his tax liability in the hearing, the result would be to remand to the IRS with instructions to provide him with such an opportunity.  However, because the IRS is no longer attempting to levy against Simon, no administrative forum remains to hear his challenge.  Furthermore, this

court originally took jurisdiction of this action under 26 U.S.C. § 6330(d)(1)(B), which gives federal district courts the authority to entertain appeals from IRS determinations regarding tax levies.[1]  As the IRS's determination that it may levy against plaintiff has now been mooted, any appeal from that determination has been similarly mooted, and jurisdiction no longer lies under § 6330.  *See Hyler v. United States*, No. 03 Civ. 2081 (MHP), 2004 U.S. Dist. LEXIS 6664, 2004 WL 838161, at *3–*4 (N.D. Cal. Apr. 19, 2004) (dismissing case pursuant to 26 U.S.C.S. § 6330 as moot where taxpayer paid liabilities); *Bullock v. Comm'r*, 91 T.C.M. (CCH) 658 (2006) (same); *Gerakios v. Commissioner of Internal Revenue*, 88 T.C.M. (CCH) 218 (2004) (same).

Simon may—as he alleges—retain a viable claim that the IRS improperly and unlawfully assessed a tax penalty against him, and thus that the taxes that he has already paid should be refunded to him.  However, he may not file suit seeking such a refund until he has first filed a claim for refund or credit with the Secretary of the Treasury, an action that he has not yet taken.  *See* 26 U.S.C. § 7422(a).[2]  Although ordinarily a request

---

[1] Section 6330(d)(1)(B) states in pertinent part that a "person may, within 30 days of a determination under this section, appeal such determination . . . (B) to a district court of the United States" when, as in this case, the Tax Court does not have jurisdiction.  26 U.S.C. § 6330(d)(1)(B); *see also Anderson v. Comm'r of Internal Revenue*, 80 T.C.M. (CCH) 461 (2000) (stating that the Tax Court's jurisdiction is generally "limited to income, estate, gift, and certain excise taxes," and it does not have jurisdiction to review an employment tax liability determination under § 6330).

[2] This section states:
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

for a refund must be made formally, courts construing § 7422(a) have held taxpayers' letters to constitute "informal" refund claims where such letters "at least alert the IRS that the taxpayer seeks a refund and must also indicate the grounds upon which the taxpayer's claim is based." *United States v. Forma*, 42 F.3d 759, 767 (2d Cir. 1994); *see Weisman v. Commissioner*, 103 F. Supp. 2d 621, 628 (S.D.N.Y. 2000) (holding that plaintiff-taxpayer's letters "contained the information required for the correspondence to be deemed an informal notice of claim").

Simon argues that his letter of November 20, 2003, requesting an abatement of penalties, should be deemed an informal refund claim. "Whether a communication to the IRS amounts to an informal claim for a refund is largely a question of fact." *Willis v. Department of the Treasury, IRS*, 848 F. Supp. 1127, 1130 (S.D.N.Y. 1994) (citing *United States v. Commercial National Bank of Peoria*, 874 F.2d 1165, 1170 (7th Cir. 1989)). However, "it is not enough that the IRS has in its possession information from which it might find that the taxpayer is entitled to, or might desire, a refund." *Bank of Peoria*, 874 F.2d at 1171 (quoting *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963)). An informal refund claim "must have a written component and should adequately apprise the Internal Revenue Service that a refund is sought and for certain years." *Id.* (quoting *American Radiator*, 318 F.2d at 920); *see also Willis*, 848 F. Supp. at 1130 (citing cases requiring written component to refund claim). Here, Simon's accountant wrote only to request an abatement of penalties, which Simon had not paid at that time. He did not request a refund of taxes already paid, nor did he contest the underlying tax liability. Indeed, the letter might easily be interpreted to concede the underlying tax liability, as it states that Simon "has genuine

5

interpreted to concede the underlying tax liability, as it states that Simon "has genuine intention to comply with the tax laws" and "has made substantial progress toward bringing his tax obligations up to date." (Second Decl. of Maniscalco, Ex. A, at 2.) The November 20, 2003 letter was not, therefore, sufficient to place the IRS on notice that Simon desired a refund. As Simon neither filed a formal refund claim nor raised such a claim in an informal written communication, 26 U.S.C. § 7422(a) precludes the Court from taking jurisdiction of any refund suit.

This Court thus currently lacks jurisdiction over any suit brought by Simon to recover the taxes he has already paid, and any attempt to recast the current action as a suit for refund of the taxes he has remitted will ultimately be futile in the absence of a prior filing of a claim for refund with the Secretary. Simon has no remaining viable action before this Court.

## CONCLUSION

For the reasons stated above, plaintiff's action is DISMISSED and the Clerk of Court is directed to close the file.

SO ORDERED.

Dated: New York, New York
December 4, 2006

Richard J. Holwell
United States District Judge